### STIMSON v. REESE.
### No. 645.

Court of Civil Appeals of Texas. Eastland.
Feb. 14, 1930.

Marshall & King, of Graham, for appellant.

Binkley & Binkley, of Graham, for appellee.

HICKMAN, C. J.

At a former day of this term this cause was dismissed, because it appeared from the transcript that the appellant resided in the county where the judgment was rendered and had not filed his appeal bond within the time prescribed by law. A satisfactory showing was made, on motion to reinstate, that the appellant did not, in fact, reside in the county where the judgment was rendered, and, since the appeal bond was filed within the time prescribed for nonresidents, the order of dismissal was set aside, and the cause reinstated on our docket. It now comes up for consideration on its merits.

The appeal is from a judgment in favor of appellee against appellant for the sum of $237.35 on account of rents collected by appellant from tenants occupying apartment houses now belonging to appellee. On November 10, 1926, a contract in writing for the exchange of real estate was executed by appellant as first party, O. E. Meador, as second party, and appellee, as third party. By the terms of this contract the appellant was to con-

vey certain property in the town of Graham, consisting of two separate tracts upon which were situated apartment houses, together with the furnishings of said houses, to O. E. Meador, second party. Meador, in exchange for such apartment house property, was to convey to appellant 2,568 acres of land located in Hayes county. Meador was also to convey all of the Graham property, which he was to receive from appellant, to appellee, Reese, in exchange for 1,018 acres of land in Lampasas county. The details of the contract are unimportant to a determination of the questions here presented.

This contract contained the provision that: "The signing of this contract by all parties hereto closes above deal and we are each to get up and deliver all papers as above, one to the other within thirty days from this date, and all possessions as above, and rent on Graham property to be payable to said third party, beginning on or before thirty days from this date."

The theory of appellee's case, as disclosed in his petition, was that appellant had collected rents on the Graham property between December 10, 1926, and March, 1927. That by the terms of the contract these rents, after December 10, 1926, belonged to appellee, but that appellant refused to deliver same to him. The petition contained an exhibit in the nature of an itemized account verified by appellee. The answer of the appellant consisted only of a general demurrer, one special exception, a general denial, and a sworn denial of the verified account. No special pleading of any character was filed. The case was submitted to the jury on special issues, and, based upon the answers thereto, judgment was rendered against appellant for $237.35.

The brief contains four propositions. The first and fourth will be considered together, and are as follows:

"1. The plaintiff's petition was subject to general demurrer because it did not allege any agreement upon the part of the appellant, D. E. Stimson, based upon consideration paid or tendered, whereby Stimson agreed to collect and turn over rentals from the premises in controversy."

"4. The agreement between D. E. Stimson and A. Reese, not based upon a good or valuable consideration, was unenforceable."

As we understand the contention presented by these propositions, it is not that the mutual exchange of the lands was not sufficient consideration for the agreement in the contract that all rentals accruing from and after thirty days from the date of the contract should belong to the appellee, but the contention seems to be that, since no separate consideration was agreed to be paid to appellant for his services in collecting these rents, appellee could not maintain a suit against appellant on account of his having collected and appropriated same. In other words, it is contended that appellant had the right to keep appellee's money, because appellee had not agreed to pay him for collecting it. The argument in the brief in support of this contention states: "This proposition is so fundamental that we hesitate to call the court's attention to the same." If the original written contract of exchange was based on no consideration, and the suit had been to enforce it, we could well understand that the proposition is fundamental. But that is not the contention. Whether or not the appellee agreed to pay appellant anything for his services in collecting his money is immaterial in a suit to recover the money actually collected. These propositions are overruled.

The second proposition is: "The answer of the jury to special requested issue No. Five was in conflict with the other answers, and findings of the jury, and the court should have ordered a mis-trial."

The special requested issue No. 5, referred to in this proposition, and the answer thereto, were as follows: "Was the original written contract complied with between the parties as to time and conditions of delivery of the respective deeds?  Answer 'No.' "

We can see no conflict between this finding and the other findings of the jury. The fact that there was some delay in passing the deeds to the property does not, as a matter of law, have the effect of destroying the provision in the contract, to the effect that the rentals should belong to appellee after December 10th. This proposition is overruled.

The third proposition is as follows: "The contract between A. Reese and D. E. Stimson not being finally consummated, rentals were not recoverable against D. E. Stimson."

This proposition, standing alone, seems to be based on the statement that the contract between the parties was never consummated. but the record does not bear this out. By referring to assignment of error No. 6, to which this proposition is said to be germane, it is disclosed that the error complained of was the failure of the trial court to submit to the jury a special requested issue, which called upon the jury to answer whether the contract had been closed at the time the rentals were collected by appellant. There was no error in refusing to give this special issue. The facts with reference thereto were not disputed, and therefore presented no issue for the jury's determination. The parties contracted for the exchange of lands, whereby the rentals, after a named date, should go to one of the parties. The fact that the deeds were not delivered until a date subsequent to the time from which it was stipulated the rents should go to appellee would not, as a matter of law, have the effect

of destroying the provision of the contract with reference to the rentals.

Being unable to sustain any of the propositions presented by appellant, it is our order that the judgment of the trial court be affirmed.